IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AGUSTIN MONROY,<br><br>    Petitioner,<br><br>  vs.<br><br>A. P. KANE, Warden, et al.,<br><br>    Respondents. | No. C 05-5180 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The petition is directed to denial of parole.

The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 1990 a jury convicted petitioner of attempted first-degree murder with use of a deadly weapon and shooting at an occupied vehicle (Exh. 7 at 1).[1] He received a sentence of life with the possibility of parole plus six years (*Ibid.*). On June 22, 2004, after a hearing before the Board of Prison Terms ("Board"), during which petitioner was represented and was given an opportunity to be heard, the Board found petitioner unsuitable for parole (Exh. 2 at 1-97). The Board based its decision upon the viciousness of the offense, the triviality of the motive, that

---

[1] Citations to "Exh." are to the exhibits attached to respondent's answer.

1 petitioner mutilated the victim, petitioner's criminal record, his escalating pattern of criminal
2 activity, his use of drugs and unstable social history, his need for further participation in
3 Narcotics Anonymous, the psychological evaluations, weaknesses in his parole plans, and the
4 opposition of the district attorney (Exh. 2 at 89-97).

**DISCUSSION**

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

1    "Factual determinations by state courts are presumed correct absent clear and
2    convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not
3    altered by the fact that the finding was made by a state court of appeals, rather than by a state
4    trial court.  *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,
5    1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and
6    convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory
7    assertions will not do.  *Id.*

8    Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination
9    will not be overturned on factual grounds unless objectively unreasonable in light of the
10   evidence presented in the state-court proceeding."  *Miller-El*, 537 U.S. at 340; *see also Torres
11   v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

12   When there is no reasoned opinion from the highest state court to consider the
13   petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501
14   U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.    ISSUES PRESENTED**

As grounds for federal habeas relief, petitioner asserts that: (1) his due process rights were denied when the Board denied parole for the fourth time based on the circumstances of his crime; (2) the use of a "some evidence" standard of review of parole decisions by the state courts violates due process; and (3) the Board's decision is arbitrary, capricious, and not supported by the evidence.

Issues one and three are sufficiency of the evidence issues – claims that petitioner's due process rights were violated because the decision was not supported by sufficient evidence – and issue two goes to the quantum of evidence required by due process.  In response to these claims, respondent contends that California prisoners do not have a liberty interest in parole; that even if they do, due process does not require any particular quantum of evidence to support denial; and that there was in fact sufficient evidence to support the denial.

///

///

**1.     LIBERTY INTEREST**

The Fourteenth Amendment provides that no state may "deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV, § 1. In *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979), the Supreme Court found that the inmates had a liberty interest in discretionary parole that was protected by the Due Process Clause. The right was created by the "expectancy of release provided in [the Nebraska parole statute.]" That statute provided that the parole board "shall order" release of eligible inmates unless that release would have certain negative impacts. *Id.* at 11–12. The Supreme Court returned to the issue in *Board of Pardons v. Allen*, 482 U.S. 369 (1987). There it held that a similar liberty interest was created even though the parole board had great discretion. *Id.* at 381. For parole decisions, this mode of analysis survived the Supreme Court's later rejection of it for prison disciplinary decisions in *Sandin v. Conner*, 515 U.S. 472 (1995). *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003) (*Sandin* "does not affect the creation of liberty interests in parole under *Greenholtz* and *Allen*.").

While there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory language, may create a presumption that parole release will be granted when or unless certain designated findings are made, and thereby give rise to a constitutionally protected liberty interest, *see Board of Pardons v. Allen*, 482 U.S. 369, 376-78 (1987) (Montana parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole); *Greenholtz*, 442 U.S. at 11-12 (Nebraska parole statute providing that board "shall" release prisoner, subject to certain restrictions, creates due process liberty interest in release on parole). In such a case, a prisoner has liberty interest in parole that cannot be denied without adequate procedural due process protections. *See Allen*, 482 U.S. at 373-81; *Greenholtz*, 442 U.S. at 11-16.

Respondent contends that California law does not create a liberty interest in parole. But California's parole scheme uses mandatory language and is similar to the schemes in *Allen* and

4

*Greenholtz* which the Supreme Court held gave rise to a protected liberty interest in release on parole. In California, the panel or board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Penal Code § 3041(b). Under the clearly established framework of *Allen* and *Greenholtz*, "California's parole scheme gives rise to a cognizable liberty interest in release on parole." *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002). The scheme requires that parole release be granted unless the statutorily defined determination (that considerations of public safety forbid it) is made. *Ibid.*; *Biggs v. Terhune*, 334 F.3d 910, 915-16 (9th Cir. 2003) (finding initial refusal to set parole date for prisoner with fifteen-to-life sentence implicated prisoner's liberty interest). In sum, the structure of California's parole scheme -- with its mandatory language and substantive predicates – gives rise to a federally protected liberty interest in parole such that an inmate has a federal right to due process in parole proceedings.

Respondent relies on *In re Dannenberg*, 34 Cal. 4th 1061 (Cal.), *cert. denied*, 126 S. Ct. 92 (2005), as authority for his contention that the California statute does not create a liberty interest in parole. This argument has been rejected by the United States Court of Appeals for the Ninth Circuit. *See Sass v. California Bd. of Prison Terms*, 461 F.3d 1127-28 (2006).

Respondent's argument as to liberty interest is without merit.

**2.    "SOME EVIDENCE" STANDARD**

Petitioner contends that due process requires a standard for sufficiency of the evidence higher than "some evidence," and respondent contends there is no due process requirement of a specific quantum of evidence at all. Both are wrong.

The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*,

1 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same).  The evidence underlying the
2 Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904;
3 *Biggs*, 334 F.3d at 915.  The some evidence standard identified in *Hill* is clearly established
4 federal law in the parole context for purposes of § 2254(d).  *See Sass*, 461 F.3d at 1128-1129.

5       Ascertaining whether the some evidence standard is met "does not require examination
6 of the entire record, independent assessment of the credibility of witnesses, or weighing of the
7 evidence.  Instead, the relevant question is whether there is any evidence in the record that
8 could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*,
9 461 F.3d at 1128.  The some evidence standard is minimal, and assures that "the record is not so
10 devoid of evidence that the findings of the disciplinary board were without support or otherwise
11 arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

12       Several recent Ninth Circuit cases have addressed the Board's use of evidence from the
13 commitment offense and prior offenses.  In *Biggs*, the court explained that the some evidence
14 standard may be considered in light of the Board's decisions over time.  *Biggs*, 334 F.3d at 916-
15 917.  The court reasoned that "[t]he Parole Board's decision is one of 'equity' and requires a
16 careful balancing and assessment of the factors considered . . . A continued reliance in the
17 future on an unchanging factor, the circumstance of the offense and conduct prior to
18 imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could
19 result in a due process violation." *Id.*  Although the *Biggs* court upheld the initial denial of a
20 parole release date based solely on the nature of the crime and the prisoner's conduct before
21 incarceration, the court cautioned that "[o]ver time, however, should Biggs continue to
22 demonstrate exemplary behavior and evidence of rehabilitation, denying him a parole date
23 simply because of the nature of his offense would raise serious questions involving his liberty
24 interest." *Id.* at 916.

25       The *Sass* court criticized the decision in *Biggs*: "Under AEDPA it is not our function to
26 speculate about how future parole hearings could proceed." *Sass*, 461 F.3d at 1129.  *Sass*
27 determined that it is not a due process violation per se if the Board determines parole suitability
28 based solely on the unchanging factors of the commitment offense and prior offenses.  *See id.*

6

1  (prisoner's commitment offenses in combination with prior offenses amounted to some
2  evidence to support the Board's denial of parole).  However, *Sass* does not dispute the argument
3  in *Biggs* that, over time, a commitment offense may be less probative of a prisoner's current
4  threat to the public safety.

5  In *Irons* the Ninth Circuit emphasized the continuing vitality of *Biggs*, but concluded
6  that relief for Irons was precluded by *Sass*.  *See Irons*, 470 F.3d at 664.  The Ninth Circuit
7  explained that all of the cases in which it previously held that denying parole based solely on
8  the commitment offense comported with due process were ones in which the prisoner had not
9  yet served the minimum years required by the sentence.  *Id.* at 665.  Also, noting that the parole
10 board in *Sass* and *Irons* appeared to give little or no weight to evidence of the prisoner's
11 rehabilitation, the Ninth Circuit stressed its hope that "the Board will come to recognize that in
12 some cases, indefinite detention based solely on an inmate's commitment offense, regardless of
13 the extent of his rehabilitation, will at some point violate due process, given the liberty interest
14 in parole that flows from relevant California statutes." *Id.* (citing *Biggs*, 334 F.3d at 917).  The
15 Ninth Circuit has not said when a complete reliance on unchanging circumstances would
16 amount to a due process violation, unfortunately.

17  **3.  APPLICATION OF THE "SOME EVIDENCE" STANDARD**

18  The Board in denying petitioner parole, cited the viciousness of the offense, the triviality
19 of the motive, petitioner's criminal record, his escalating pattern of criminal activity, his use of
20 drugs and unstable social history, his need for further participation in self-help programs,
21 weaknesses in his parole plans, and the opposition of the district attorney (Exh. 2 at 89-97).
22 These circumstances "tend to indicate unsuitability for parole" under California regulations.
23 Cal. Code Regs. Title 15, § 2402(a), (c)(1)(A).  The Board did not deny parole solely because of
24 the unchanging factor of the nature of petitioner's offense, so the concern expressed in *Biggs*,
25 that after passage of enough time such a factor would cease to be "some evidence," is not
26 triggered here.

27  Petitioner stabbed his ex-wife's boyfriend in front of her children (Exh. 7 (opinion of
28 Court of Appeal) at 3-4).  He stabbed the victim eleven times, and when the victim recovered

7

consciousness, started stabbing him again (*ibid.*). He stopped only because another person interfered (*ibid.*). In addition to this evidence of his danger to society from the nature of the offense, the Board's denial was supported by petitioner's over-confidence about his ability to resist drugs and his lack of parole plans (*id.* at 79-80, 93, 95). There was sufficient evidence to support the denial. *See Rosas v. Nielsen*, 428 F.3d 1229, 1232–33 (9th Cir. 2005) (facts of the offense and psychiatric reports about the would-be parolee sufficient to support denial).

Because there was no constitutional violation, the state courts' rejection of petitioner's claims was not contrary to, nor an unreasonable application of, clearly established Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September  19 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.05\MONROY180.RUL.wpd